## FRANK v FIRST NATIONAL BANK OF UPPER SANDUSKY

Ohio Appeals, 3rd Dist, Wyandot Co

No 154. Decided Jan 22, 1936

Price & Price, Upper Sandusky, for plaintiff in error.

Hall & Mason, Upper Sandusky, for defendant in error.

## OPINION

By CROW, J.

This is a proceeding in error to reverse the judgment of the Common Pleas Court of Wyandot County, Ohio, entered on a general verdict directed for defendant at the close of plaintiff's case, defendant having introduced no evidence.

Catherine Frank, plaintiff in the court below, and plaintiff in error here, was owner of a check dated November 5, 1931, drawn by Lorenz Freeman on The First National Bank of Upper Sandusky, Ohio, defendant in error, whom we will refer to as the bank, for one thousand and sixty dollars, payable to Miss C. Frank who was said Catherine Frank who under the name of Katie Frank then and continuously until after November 9, 1931, had a savings account in the bank.

On November 6, 1931, Harmon Frank was and continued to be until after November 9, 1931, a teller of the bank, whom we will style the teller, and on November 6, 1931, Catherine Frank delivered the check, indorsed by her, to the teller at his residence, after the bank had closed business for that day, to be deposited in her said account in the bank, which check was on November 9, 1931, charged by the bank against the account of Lorenz Freeman, the drawer, the check bearing on its face, by stamp, the words "Paid Nov. 9, 1931, First National Bank, Upper Sandusky, Ohio." The bank subsequently refused to enter credit of the check on the passbook which evidenced her account, and also refused to pay her the amount of the check.

In addition to the facts above stated which were established by the pleadings, plaintiff's evidence tended to prove when she delivered the check to the teller, she did not have her passbook with her, but that she did direct him to take the check to the bank the following morning and have the amount of the check placed in her account, which he promised to do; that the imprint by the stamp showing payment as above quoted, was made by some employee of and within the bank.

The check bears no other indorsement on its back than the signature of Catherine Frank.

The president of the bank, testifying as upon cross-examination, with the check in his hands, said "that the payee and indorser was entitled to the payment of the

check", when asked who, he would say, was entitled to the proceeds of the check; and the cashier of the bank, also as upon cross-examination testified that the check was received and paid by some employee of the bank, and that the duties of Harmon Frank as teller on November 6, 7, 8 and 9, 1931, were those usually performed by a teller, including the receiving of deposits in the bank, receiving and paying checks and giving the paid checks over to the bookkeeper.

It is the practice of banks generally when cashing a check to require on the back thereof the signature of the name of the person, whether payee or a subsequent holder, to whom payment of the check is made, unless the check itself otherwise directs, which practice is of such notoriousness as to require judicial notice, and doubtless that testimony of the president of the bank reflected his consciousness of that practice.

The law of this case is neither doubtful nor extensive. The teller was the agent of Catherine Frank until the check went into possession of the bank, the time thereof not being shown, but which is unimportant.

From the fact, established by the pleadings, that Catherine Frank delivered the check to Harmon Frank the teller on November 6, 1931, there is a presumption that the check continued in his possession, and there was no evidence to meet that presumption excepting that at some time thereafter not later than November 9, 1931, another person, the bank, had the check.

The instant Harmon Frank assumed his duties as teller in the bank, after his having received the check, his then said presumed possession of the check became in law, and as shown by the evidence, in fact, the possession of the bank as completely as if he had taken the check at his post of duty, from Catherine Frank or any other person in her behalf, for deposit in her account.

In connection with the judicial notice we take of the practice above mentioned, of banks when paying checks, we regard as of controlling importance the conclusively shown facts that the check did not bear as an indorsement the signature of Harmon Frank in addition to that of the payee of the check and that the bank itself received the benefit of the proceeds of the check in reducing by the amount of the latter, the indebtedness the bank owed the drawer of the check by charging it out of his deposit account.

Upon the whole, plaintiff made substantial proof of her case, wherefore the judgment must be reversed and a new trial granted for error in directing a verdict against her.

KLINGER and GUERNSEY, JJ, concur.